UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12-4394**

-----------------------------------------------------------------X
GERARD WILLIAMS,

                           Plaintiff,

                           **VITALIANO, J.**       **COMPLAINT**

             -against-         REYES, M.J        **JURY TRIAL DEMANDED**

                                              **ECF CASE**

THE CITY OF NEW YORK and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently
unknown),

                           Defendants.
-----------------------------------------------------------------X

      Plaintiff, Gerard Williams, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On September 8, 2011, at approximately 7:00 p.m., plaintiff Gerard Williams was lawfully in the vicinity of 540 Ocean Avenue, County of Kings, City and State of New York.

14. At the aforesaid time and place, plaintiff Gerard Williams was walking home from the train station when he noticed several members of the New York City Police Department accosting a young man named Dante Jones.

15. Plaintiff Gerard Williams knew Dante Jones and his family as they lived in the same neighborhood.

16. Thereafter, plaintiff Gerard Williams called out to Dante Jones and asked for his phone number so that he could call Mr. Jones' family and inform them that their son was being arrested.

17. Immediately thereafter, defendant police officers ran up to plaintiff Gerard Williams, stating "you should mind your own business," thereafter placing him in handcuffs.

18. Plaintiff Gerard Williams questioned defendant police officers as to why he was being arrested, informing them that he did nothing wrong, to which defendant police officers yelled at him to "Shut the fuck up!"

19. Defendant police officers then banged plaintiff Gerard Williams' head against the hood of a minivan.

20. Notwithstanding the lack of any incriminating evidence against plaintiff Gerard Williams, defendant police officers arrested plaintiff and charged him with Resisting Arrest, Disorderly Conduct and Obstructing Governmental Administration.

21. At no time on September 8, 2011 did plaintiff Gerard Williams act disorderly, resist arrest, or obstruct governmental administration.

22. Thereafter, defendant police officers took plaintiff Gerard Williams to the 70th Precinct in the County of Kings, City and State of New York.

23. Plaintiff Gerard Williams was then taken to Central Booking where he received medical attention for the injuries to his head.

24. As a result of this unlawful arrest, plaintiff Gerard Williams spent approximately one day in jail, and was required to make multiple court appearances for three months (3) months to defend himself against the false charges which defendants had filed against him.

25. At the time of plaintiff Gerard Williams' arrest, he was employed by the U.S. Open and the New York Mets.

26. As a result of this unlawful arrest, plaintiff Gerard Williams missed a day of work.

27. Notwithstanding defendants' unlawful and perjurious conduct, on December 14, 2011, all charges against plaintiff Gerard Williams were dismissed by the Honorable S. Michaels.

28. As a result of the foregoing, plaintiff Gerard Williams sustained, inter alia, bodily injuries, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31. All of the aforementioned acts deprived plaintiff Alberto Hoyos of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff Gerard Williams was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff Gerard Williams' constitutional rights.

40. As a result of the foregoing, plaintiff Gerard Williams was subjected to an illegal and improper search.

41. As a result of the foregoing, plaintiff Gerard Williams sustained, inter alia, bodily injuries, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants misrepresented and falsified evidence before the District Attorney.

44. Defendants did not make a complete and full statement of facts to the District Attorney.

45. Defendants withheld exculpatory evidence from the District Attorney.

46. Defendants were directly and actively involved in the initiation of criminal proceedings against Gerard Williams.

47. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Gerard Williams.

48. Defendants acted with malice in initiating criminal proceedings against plaintiff Gerard Williams.

49. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Gerard Williams.

50. Defendants lacked probable cause to continue criminal proceedings against plaintiff Gerard Williams.

51. Defendants acted with malice in continuing criminal proceedings against Gerard Williams.

52. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Gerard Williams's favor on December 14, 2011, when all charges against him were dismissed.

54. As a result of the foregoing, plaintiff Gerard Williams sustained, inter alia, bodily injuries, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants arrested and incarcerated plaintiff Gerard Williams in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Gerard Williams's constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff Gerard Williams of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

66. As a result of the foregoing, plaintiff Gerard Williams is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Gerard Williams demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
August 8, 2012

BY: _____
JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396